IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIM. NO. ELH-19-0450** |
| | * | |
| **STEPHEN WAYNE CORMACK,** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ****** | |

**PROTECTIVE ORDER**

The Government has filed a Motion for Protective Order in the above-referenced matter to permit the disclosure of law enforcement internal affairs files to counsel for defendant Stephen Wayne Cormack (the "Defendant") and facilitate the prompt resolution of whether any information contained within those files is appropriate subject matter of impeachment of law enforcement witnesses. The parties agree that internal affairs files and information contained within them ("Protected Information") are sensitive and confidential. It is therefore, pursuant to the Court's authority under Fed. R. Crim. P. 16, ORDERED:

1. **Applicability.**

    (A) Covered Discovery Material: This Protective Order applies to any law enforcement internal affairs files disclosed to counsel for the Defendant by the Office of the United States Attorney.

    (B) Covered Persons: This Protective Order applies to the Defendant, defense counsel, their associates, investigators, paralegals, assistants, law clerks, and interns (collectively "Defense Counsel") in or related to the above-captioned

1

case.  This Protective Order further applies to any other person who obtains Protected Information, including consultants or experts.

2. **Definition of Protected Information.**  For purposes of this Protective Order, "Protected Information" means any law enforcement internal affairs files and any information contained within them.

3. **Production of Protected Information.**  The United States may produce Protected Information to counsel for the Defendant.

4. **Access to and Use of Protected Information**.  The Defendant and Defense Counsel may use the Protected Information only for purposes of this litigation and may not disseminate or disclose such Protected Information to anyone not specifically entitled to access under this Protective Order.  Defense Counsel shall review the substance of this Order with the Defendant prior to reviewing any Protected Information with the Defendant.  After reviewing the substance of this Order, Defense Counsel may review and disclose Protected Information to the Defendant, but may not provide the Defendant with any documents containing Protected Information or any copies of such documents.  In addition, the Defendant may not retain notes containing any Protected Information.  Defense Counsel, and individuals participating in the case at the direction of Defense Counsel, may only use the Protected Information for the purposes of defending this criminal case, including any appeal, and may only disclose the Protected Information to non-parties to this litigation, such as experts or outside investigators retained by the Defense in this litigation, as follows:

(A) Such disclosure may occur only as needed for the litigation;

    (B)       Such disclosures may occur only after Defense Counsel advises the non-party of the terms of this Protective Order;

    (C)       Such disclosure may occur only after the signing of an Addendum by all non-parties, which states, in substance, that all non-parties will agree to be bound by the terms of this Protective Order, including consenting to the jurisdiction of this Court for the purposes of any proceedings relating to the performance under, compliance with, or violation of this Order;

    (D)       Defense Counsel shall retain a copy of the Addendum described in Paragraph 4(C), which shall be signed by all non-parties receiving Protected Information; and

    (E)       Material given to non-parties must be designated "confidential" material in an accompanying cover letter, and the material itself must be labeled "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

5.      **Use of Protected Information in Court Filings and Open Court.**    The procedures for use of Protected Information during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting Protected Information to remove individual identifiers, requesting the Court to submit or place documents or exhibits containing Protected Information under seal, and assuring that all Protected Information associated with individuals have been redacted in accordance with Fed. R. Crim. P. 49.1 and other applicable laws. No party shall disclose Protected Information in open Court without prior consideration by the Court. No party

shall file documents containing Protected Information to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted, or unless the Court so authorizes for good cause.

6. **Filing of Documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

7. **Maintenance and Storage of Protected Information.** Defense Counsel shall maintain Protected Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential information. In addition, non-party recipients of any Protected Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Protected Information.

8. **Disposition of Protected Information.** Within 90 days of any final judgment in this case either by sentencing of the Defendant, by disposition of any appeals, and/or by dismissal of the any charging document with or without prejudice, or within 90 days of the termination of a particular counsel's representation, the Defendant and Defense Counsel shall return the Protected Information and all copies thereof, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed. Defense Counsel reserves the right to petition this Court for a modification or extension of the 90-day time period as needed.

9. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking modification from this Court.

10. **No Waiver.** The failure to designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order. Defense Counsel shall not provide the Defendant with copies of any materials they have reasonable cause to believe contain Protected Information subject to this Protective Order unless the Protected Information is first redacted. Any discovery materials that have been redacted by Defense Counsel to protect Protected Information shall be approved by the Government before being provided to the Defendant.

11. **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

12. **Unauthorized Disclosure.** Should any Protected Information be disclosed in a manner not authorized by this Protective Order by the Defendant, Defense Counsel or a non-party retained by the Defendant for purposes of the litigation, then the Defense Counsel shall use his or her best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall inform the Government of the unauthorized disclosure within ten (10) business days of the discovery of such disclosure.

13. **Nontermination.** This Order shall survive the termination of this criminal case

and shall continue in full force and effect thereafter.

    SO ORDERED this \_\_\_\_\_ day of May, 2021.

                                                _____
                                                The Honorable Ellen L. Hollander
                                                United States District Judge