IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | :   CRIMINAL NO. ELH-19-0450 |
| STEPHEN WAYNE CORMACK, | : |
| | : |
| Defendant. | : |

...ooOoo...

### GOVERNMENT'S OMNIBUS MOTIONS *IN LIMINE*

Now comes the United States of America by its attorneys and respectfully makes the following Motions *in Limine* to:

1. Admit Evidence of Other Crimes Pursuant to Fed. R. Evid. 404(b) and 414 (page 2);

2. Exclude Evidence and Argument Regarding Punishment (page 6);

3. Admit Public Records, Business Records, and Electronic Data as Self-Authenticating Pursuant to Fed. R. Evid. 902(1), (11), and (14) (page 7); and

4. Admit Trade Inscriptions and Labels on Electronic Devices as Self-Authenticating Pursuant to Fed. R. Evid. 902(7) (page 8).

In support of these Motions, the Government states the following:

**I.      Background**

The defendant Stephen Wayne Cormack (the "Defendant") is charged by Superseding Indictment with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Counts One and Two); and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Three).

A jury trial is scheduled to begin on June 21, 2021.  The Government will present evidence at trial showing that the Defendant received particular visual depictions of children being used to engage in sexually explicit conduct via the Internet on January 24, 2019, and on January 29, 2019,

and that the Defendant possessed these images and numerous other images and videos of child pornography on particular electronic storage devices (including an Acer laptop computer, a Seagate internal hard drive, and a SanDisk SD card), which had been manufactured outside the State of Maryland and traveled to Maryland in interstate and foreign commerce.

II. **Other Crimes the Government Intends to Offer as Rule 404(b) and 414 Evidence**

The Superseding Indictment includes as a special allegation that, in 1996, the Defendant was convicted of Sex Offense Second Degree, in violation of Article 27, Section 464A, Annotated Code of Maryland, in Baltimore County Circuit Court case no. 96CR1997. Baltimore County Police Department reports from the investigation reflect statements from multiple adult male victims that the Defendant sexually molested them at a recreation center located in Baltimore County, Maryland, and in his home when the victims were between the ages of 11 and 15 years. The Government seeks to admit this evidence during the trial of this case.

A. **Defendant's Prior Offense Is Admissible Under Rule 414.**

Rule 414(a) of the Federal Rules of Evidence provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Under Rule 414(d)(2), "child molestation" includes any federal or state crime involving "any conduct prohibited under 18 U.S.C. chapter 110[,]" as well as "contact between any part of the defendant's body—or an object—and a child's genitals or anus" and "contact between the defendant's genitals or anus and any part of a child's body[,]" among other federal and state crimes. Fed. R. Evid. 414(d)(2)(B),(C),(D). A "child" is defined as "a person below the age of 14[.]" Fed. R. Evid. 414(d)(1). Rule 414 is "an exception to the general rule that evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith.'" *United States v. Kelly*, 510 F.3d 433, 436–37 (4th Cir. 2007) (quoting

Fed. R. Evid. 404(b)). "Unlike Rule 404(b), Rule 414 allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses. In allowing this evidence, Rule 414 reflects Congress's view that this propensity evidence is typically relevant and probative." *Id*. at 437 (internal quotation marks and citation omitted).

First, the instant federal case is a case in which the Defendant "is accused of child molestation" because the Defendant is charged in three counts with two offenses under Chapter 110 of Title 18 of the United States Code—specifically, violations of § 2252A(a)(2) and (a)(5)(B).

Second, the Defendant's prior conviction for Sex Offense Second Degree under Maryland law involved physical contact between the Defendant and the genitals of his child victims.

The Government will offer evidence of the Defendant's prior conviction and criminal conduct in the instant trial to show the Defendant's propensity to commit the child pornography crimes charged in this case, as well as his prurient sexual interest in children, motive, intent, plan, and lack of mistake or accident. The prior offense is relevant and admissible for these purposes under Rule 414. *See Kelly*, 510 F.3d at 436–37; *United States v. Haney*, 693 F. App'x 213, 214 (4th Cir. 2017).

Even though Defendant's prior acts of child molestation involved direct contact with minors rather than involving child pornography, this facial dissimilarity does not preclude admission of his prior conduct under Rule 414. *See United States v. Splettstoeszer*, 956 F.3d 545, (8th Cir. 2020) (holding district court did not err in trial for distribution, possession, and receipt of child pornography in admitting evidence of defendant's past child molestation); *see also United States v. Foley*, 740 F.3d 1079, (7th Cir. 2014); *United States v. Emmert*, 825 F.3d 906, (8th Cir. 2016), *cert. denied*, 137 S. Ct. 1349 (2017); *United States v. Mason*, 532 Fed. Appx. 432, (4th Cir.), *cert. denied*, 571 U.S. 1032, (2013) (similar holdings).

## B. Defendant's Prior Offense Is Admissible Under Rule 404(b).

The application of Rule 414 does not limit admission under Fed. R. Evid. 404(b). In sex offense cases, evidence may be offered and admitted on both grounds. *See United States v. Meacham*, 115 F.3d 1488, 1491 (10th Cir. 1997) (analyzing admission of evidence under both Rule 404(b) and 414 and finding no reversible error under either Rule); *United States v. Levinson*, 504 F. App'x 824, 828 (11th Cir. 2013) (evidence of prior conviction "was admissible under both Rule 404(b) and Rule 414"). Even if the Court found the Defendant's prior offense inadmissible under Rule 414, this evidence would still be properly admitted under Rule 404(b).

Rule 404(b) is a rule of inclusion rather than exclusion, and it generally permits introduction of evidence to prove a defendant's motive, opportunity, plan, knowledge, intent, and absence of mistake. *See United States v. Cabrera-Beltran*, 660 F. 3d 742, 755 (4th Cir. 2011) (affirming admissibility of witness testimony about heroin purchases prior to conduct alleged in indictment to prove knowledge and intent); *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998). In order to be admitted under Rule 404(b), evidence of a prior act must be relevant, necessary, and reliable, and its probative value must not be substantially outweighed by unfair prejudice. *See United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)).

Here, the proffered 404(b) evidence is relevant to show motive, intent, knowledge, and lack of mistake or accident. "Evidence is relevant, if it has any tendency to make the existence of any determinative fact more probable than it would be absent the evidence. As a result, the threshold for relevancy is relatively low." *Van Metre*, 150 F.3d at 350 (citation omitted); *see also Queen*, 132 F.3d at 998 (relevancy requires only a finding that the evidence be "worth consideration by the jury" or have a "plus value" to be admissible.) To be relevant under Rule

404(b), the evidence must have some relation to the charged offense. *Van Metre*, 150 F.3d at 349 (citation omitted).

Admission of the prior acts evidence is also necessary because the Government must prove Defendant's criminal intent beyond reasonable doubt. In order to prove the Defendant guilty of receipt of child pornography and possession of child pornography as charged in the Superseding Indictment, the government must prove that he received and possessed such material "knowingly." The standard jury instructions on this element define "knowingly" as something that has been done "voluntarily and intentionally and not because of accident, mistake or some other innocent reason." The fact that Defendant has engaged in abusive sexual conduct against minors in the past, and was not deterred from seeking out child pornography even after a highly embarrassing conviction, is highly probative of this element common to each of the three charged counts.

The Defendant's not-guilty plea and statements of denial at the time of his interview with law enforcement squarely place his knowledge and his intent at issue. Specifically, at multiple points in his interview with investigators, the Defendant claimed that his internet searches for images using terms like "boys skinny-dipping" were motivated by nostalgia rather than driven by prurient interest. To overcome these self-serving denials, the Government requires additional background information to allow the jury to consider his statements in proper context.

Even setting aside the Defendant's denials, his plea of not guilty to the charges in the Superseding Indictment alone "puts [his] intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997) (citing cases).

Further, the evidence the Government would introduce against the Defendant is reliable because it is based upon conduct he admitted in connection with his guilty plea in the prior case.

### C. The Evidence is Not Excludable Under Rule 403.

Finally, the evidence should be admitted because its probative value is not substantially outweighed by the danger of unfair prejudice. In order to exclude evidence pursuant to Rule 403, the district court must be convinced "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that [the] risk is disproportionate to the probative value of the offered evidence." *Van Metre*, 150 F.3d at 351 (citation omitted). Evidence of the Defendant's prior sex offense provides direct proof that the Defendant knowingly and willfully sought out child pornography as charged in the Superseding Indictment. It involves conduct, however, that took place nearly 40 years ago. The dated conduct and lack of apparent repetition in intervening years attenuates the danger that the jury may make an improper inference from the evidence. As a result, admission of the evidence is unlike to create the danger of "unfair prejudice" – much less that it presents a danger of unfair prejudice that "substantially outweighs" the evidence's probative nature. *See* Fed. R. Evid. 403.

Accordingly, this Court should find that the evidence is relevant and probative, that any prejudicial impact from admission of the evidence is not "unfairly prejudicial," and that any prejudicial impact does not "substantially outweigh" the evidence's probative value. Even if the Court does not find the prior conviction admissible under Rule 414, the Court could admit the evidence under Rule 404(b) and give an appropriate cautionary instruction to the jury that advises the jury to consider the evidence only for the limited purposes of Defendant's motive, knowledge, intent, and absence of mistake to determine whether he knowingly sought, received, and possessed child pornography.

### III.   Motion to Exclude Evidence and Argument Regarding Punishment

The Government moves to preclude evidence or argument regarding potential punishment, including any reference to the fact that (1) the statutory maximum sentence for the Receipt of Child

Pornography offense charged in Counts One and Two is 40 years of imprisonment or that the offense carries a 15-year mandatory minimum term of imprisonment; and (2) the statutory maximum sentence for the Possession of Child Pornography offense charged in Count Three is 20 years of imprisonment or that the offense carries a 10-year mandatory minimum term of imprisonment.

Evidence and argument regarding potential punishment are irrelevant to the issue of a defendant's guilt or innocence and raise issues under Fed. R. Evid. 403. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) (providing jurors with information regarding the potential sentence "invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion"). Thus, any evidence or argument regarding penalties should be excluded.

IV. **Motion to Admit Public Records, Business Records, and Electronic Data as Self-Authenticating**

The Government respectfully moves for a pre-trial ruling from the Court that the following categories of records and information are self-authenticating and admissible pursuant to Rule 902 of the Federal Rules of Evidence:

- Maryland court records, which include the seal and certification of the Circuit Court for Baltimore County Maryland, *see* Fed. R. Evid. 902(1);

- Maryland Department of General Services timekeeping records, which include a certification of business records, *see* Fed. R. Evid. 902(11);

- Data copied from Acer laptop computer, a Seagate internal hard drive, and a SanDisk SD card, *see* Fed. R. Evid. 902(14).

The aforementioned public records, business records, and certifications have been produced in discovery to the defense.

The aforementioned electronic data includes child pornography and therefore will remain in the care, custody, and control of the Government pursuant to 18 U.S.C. § 3509(m). The material is available for inspection by counsel for the Defendant, and the Government will provide to the defense a certification under Fed. R. Evid. 902(14) in advance of trial.

V. **Motion to Admit Trade Inscriptions and Labels on Electronic Devices as Self-Authenticating**

The trade inscriptions and manufacturing labels on certain electronic storage devices are self-authenticating and admissible pursuant to Fed. R. Evid. 902(7) and are not inadmissible hearsay. During the trial of this case, the Government will seek to admit several items of computer and electronic media, including an Acer Aspire laptop computer, serial number 13400028525, containing Seagate hard drive, serial number SVEKPKL2, which were made in China; and a 32 GB San Disk SDHC Card, which was made in China (together, "the devices"). The devices contain the images and videos of child pornography charged in this case and other digital evidence. Each of the devices was seized from the Defendant's workspace at the Maryland Department of General Services and has a label or trade inscription indicating that it was manufactured in a foreign country.

As part of the proof of the elements of Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(B), the Government may prove that the child pornography "produced using materials that have been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce." The Government may satisfy this element by proving that the electronic storage devices used to save the videos or images in question were manufactured in another state or foreign country.

To avoid the expense of calling several out-of-state witnesses from the manufacturers of these items and further to streamline the presentation of evidence at trial, the Government will seek to offer this evidence pursuant to Fed. R. Evid. 902(7) and 807.

**A. The Inscriptions and Labels Are Self-Authenticating Under Fed. R. Evid. 902(7).**

First, the inscriptions are sufficiently trustworthy to be self-authenticating and fall squarely within Federal Rule of Evidence 902(7). Ordinarily, evidence must be authenticated by extrinsic evidence as a condition precedent to it being admitted. Fed. R. Evid. 901(a). However, Federal Rule of Evidence 902 identifies "items of evidence [that] are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted." *See, e.g.*, *Lorraine v. Markel Am. Ins. Co.*, 21 F.R.D. 534, 551-52 (D. Md. 2007). Of the twelve methods, one category of self-authenticating evidence covers "Trade Inscriptions and the Like." Fed. R. Evid. 902(7). This refers to "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." *Id.*

The exception for origin inscriptions at Fed. R. Evid. 902(7) has been recognized and applied in child pornography cases to admit evidence that materials used to "produce" depictions of sexually explicit conduct were manufactured in another state or country. *See, e.g.*, *United States v. Foley*, 740 F.3d 1079, 1084 (7th Cir. 2014) (foreign-made hard drives); *United States v. Schene*, 543 F.3d 627, 639 (10th Cir. 2008) (same); *United States v. Ramos*, 685 F.3d 120, 133 (2d Cir. 2012) (foreign-made laptop and hard drive); *United States v. Poulin*, 631 F.3d 17, 2223 (1st Cir. 2011) (foreign-made cameras and DVDs); *United States v. Fox*, 357 F. App'x 64, 66 (9th Cir. 2009) (summary order) (foreign-made cameras); *United States v. Guagliardo*, 278 F.3d 868, 871 (9th Cir. 2002) (foreign-made computer disks).

Of course, Rule 902(7) has been applied more broadly and to other types of goods and inscriptions: Documents, *see Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticated under 902(7)); business letters and emails, *see Lorraine v. Markel Am. Ins. Co.*, 21 F.R.D. at 551-52 (holding business emails containing identifying marks of company are self-authenticated), *Olson v. J.J. Marshall & Assoc.*, No. 5:08–CV–284–KKC, 2009 WL 3347420, 4 (E.D. Ky. Oct. 13, 2009) (holding letters containing business's letterhead were self-authenticating), and *Reitz v. City of Mt. Juliet*, No. 08–cv–0728, 2009 WL 5170200, at *5 (M.D. Tenn. Dec. 18, 2009) (holding letters written on company's letterhead were self-authenticating); firearms, *see United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992), *overruled on other grounds by Kawashima v. Mukasey*, 530 F.3d 1111, 1116 (9th Cir. 2008) (holding a manufacturer's inscription on a firearm was not subject to the hearsay rule and properly admitted as evidence that it had been manufactured in Spain); markings on the opening frames of a news broadcast, *see L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 936 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under 902(7)); tapes, *see Fenton v. Sterling Plumbing Grp. Inc.*, 21 F.3d 1113, 3 (9th Cir. 1994) (holding tapes that carry company's logo were self-authenticating); and computers, *see ACCO Brands, Inc. v. PC Guardian Anti- Theft Prods.*, 592 F. Supp. 2d 1208, 1219 (N.D. Cal. 2008) (holding label on computers was self-authenticating under Rule 902(7) because label was inscribed with manufacturer's trade name for that make of computer).

Further, in an example from another district court in the Fourth Circuit, in *United States v. Scott*, 13 Cr. 164 RGD, 2014WL2808802 (E.D. Va. June 20, 2014), the district court dealt with the exact issue presented here in a conspiracy to produce child pornography, production of child

pornography, and receipt of child pornography case. The prosecution moved *in limine* to admit the trade inscriptions of three electronic devices—two cellular telephones and one memory card—showing that they were manufactured outside the Commonwealth of Virginia. The court granted the motion, finding that the trade inscriptions were self-authenticating and not hearsay. *Id.* at 3-4.

Here, assuming that a proper foundation is laid by the government as to the connection of the electronic devices to the charges in the Superseding Indictment, the labels/trade inscriptions are relevant as to the child pornography counts because the elements require, in part, proof of "interstate or foreign commerce by any means, including by computer." Accordingly, absent a stipulation, to prove the interstate commerce element at trial, the government would have to subpoena representatives from the various manufacturers of the devices at considerable expense. And all of this effort would only be to elicit testimony from the representative that they did not manufacture the device at issue in the State of Maryland.

**B. The Inscriptions and Labels Are Not Inadmissible Hearsay.**

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). A statement, in turn, is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). As a general rule, hearsay is not admissible, Fed. R. Evid. 802, although there are numerous exceptions that allow for the admission of certain types of hearsay, see Fed. R. Evid. 803-807. As analyzed by the court in *Lorraine v. Markel Am. Ins. Co.*, "cases involving electronic evidence often raise the issue of whether electronic writings constitute 'statements' under Rule 801(a)." 21 F.R.D. at 564. "Where the writings are non-assertive, or not made by a 'person,' courts have held that they do not constitute hearsay, as they are not 'statements.'" *Id.*

In *Scott*, the court considered (and relied alternatively on) two lines of authority that have approved admission of inscriptions—one line that finds such inscriptions are not hearsay at all, and another that relies on the residual exception to the hearsay rules. 2014 WL 2808802, at *3-4.

This Court should take the same approach here. Whether considered "circumstantial evidence" as a "mechanical trace" and therefore not hearsay under the first theory, or as allowable hearsay under the second theory pursuant to Fed. R. Evid. 807 (because the inscriptions to be introduced here all meet the Fed. R. Evid. 807 criteria for the same reasons as set forth in *Scott*), this Court should admit the origin inscriptions on the devices identified above as evidence to meet the interstate nexus element for the charged crimes.

## VI.    Conclusion

For all of the above reasons, the Government respectfully requests that the Court enter orders in accordance with the above motions.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:     /s/
Matthew J. Maddox
Adam K. Ake
Assistant United States Attorneys
36 S. Charles Street, 4th Fl.
Baltimore, Maryland 21201

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 28th day of May, 2021, a copy of the foregoing Government's Omnibus Motions *in Limine* was electronically filed with notice to counsel of record.

By: _____/s/_____
Matthew J. Maddox
Assistant United States Attorney