

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | | |
|---|---|---|---|
| *Matthew J. Maddox*<br>*Assistant United States Attorney*<br>*matthew.maddox2@usdoj.gov* | *Mailing Address:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Office Location:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *DIRECT: 410-209-4940*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-0716* |

**JTM** 06.02.21

June 2, 2021

Andrew I. Alperstein, Esquire
Joseph Pappafotis, Esquire
Alperstein & Diener, PA
Attorneys at Law
201 N. Charles St; Suite 2000
Baltimore, MD 21201

  Re: <u>United States v. Stephen Wayne Cormack,</u>
    Criminal No. ELH-19-0450

Dear Counsel:

  This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Stephen Wayne Cormack (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **June 3, 2021**, it will be deemed withdrawn. The terms of the Agreement are as follows:

Offense(s) of Conviction

  1. The Defendant agrees to plead guilty to Counts One and Three of the Superseding Indictment, which charge(s) the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), respectively. The Defendant admits that the Defendant is, in fact, guilty of the offense(s) and will so advise the Court.

Elements of the Offense(s)

  2. The elements of the offense(s) to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Superseding Indictment, in the District of Maryland,

Rev. May 2018

Count One: Receipt of Child Pornography

    a.  The Defendant knowingly received a visual depiction of sexually explicit conduct;

    b.  the production of the visual depiction involved the use of a minor;

    c.  the visual depiction was shipped, transported, or mailed in interstate or foreign commerce, by any means, including computer; and

    d.  the Defendant knew that the visual depiction constituted child pornography, as defined in 18 U.S.C. § 2256(8).

Count Three: Possession of Child Pornography

    a.  The Defendant knowingly possessed any matter that contained an image of child pornography, as defined in as defined in 18 U.S.C. § 2256(8);

    b.  such child pornography had been transported in interstate or foreign commerce by any means, including by computer, or such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

    c.  the Defendant knew that such items constituted child pornography.

Penalties

3.    The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| One | 18 U.S.C. § 2252A(a)(2), (b)(1) | 5 years | 20 years | Life (5 years minimum) | $250,000 | $100 and $5,000 |
| Three | 18 U.S.C. § 2252A(a)(5)(B), (b)(2) | N/A | 20 years | Life (5 years minimum) | $250,000 | $100 and $5,000 |

    a.    Prison:  If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.    Supervised Release:  If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant

returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

    c.  Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

    d.  Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

    e.  Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f.  Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Sex Offender Registration</u>

    4.  The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the offense(s) to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

<u>Waiver of Rights</u>

    5.  The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

    a.  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

Rev. August 2018

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the Government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify.  If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case.  Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization.  The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.

Rev. August 2018

4

Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

<u>Defendant's Consent to Proceed Remotely for Rule 11 Guilty Plea</u>

6.     This Office and the Defendant agree, pursuant to the Coronavirus Aid, Relief, and Economic Recovery Act, H.R. 748 (the CARES Act), enacted on March 27, 2020, that certain federal court proceedings are permitted to proceed telephonically, or via video-teleconference. The parties further agree that Section 15002(b) of the CARES Act permits the District Court to conduct certain hearings in felony matters remotely. Further, pursuant the District of Maryland's Standing Order 2020-06, dated March 29, 2020, and subsequent Standing Orders, District Court Judges are permitted to conduct Rule 11 plea hearings and sentencing hearings in felony cases remotely.

7.     The Defendant consents, after fully consulting with undersigned defense counsel, to proceed with the Rule 11 plea hearing telephonically, or via video-teleconference, in this matter. Because an in-person / in-court proceeding in this matter cannot occur without seriously jeopardy to public health and safety, and because delay in this case will result in serious harm to the interests of justice, the Defendant specifically requests to proceed remotely. The Defendant agrees to proceed remotely, and knowingly and expressly waives any and all rights to a personal appearance in court in this matter.

<u>Advisory Sentencing Guidelines Apply</u>

8.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

9.     This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a.     This Office and the Defendant agree that Counts One and ~~Two~~ THREE of the Superseding Indictment, as well as additional offenses of Receipt and Possession of Child Pornography established in the Statement of Facts, group pursuant to United States Sentencing Guidelines ("U.S.S.G.") §3D1.2(d).

b.     The base offense level is **22** pursuant to U.S.S.G. §2G2.2(a)(2).

Rev. August 2018

5

c.      There is a decrease of **2 levels**, pursuant to U.S.S.G. §2G2.2(b)(1), because the Defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and the Defendant did not intend to traffic in, or distribute, such material. (Subtotal: **20**.)

d.      There is an increase of **2 levels**, pursuant to U.S.S.G. §2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of twelve years. (Subtotal: **22**.)

e.      There is an increase of **4 levels**, pursuant to U.S.S.G. §2G2.2(b)(4)(B), because the offense involved material that portrays sexual abuse or exploitation of an infant or toddler. (Subtotal: **26**.)

f.      There is an increase of **2 levels**, pursuant to U.S.S.G. §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, or receipt of the material, or for accessing with intent to view the material. (Subtotal: **28**.)

g.      There is an increase of **5 levels**, pursuant to U.S.S.G. §2G2.2(b)(7)(D), because the offense involved 600 or more images. (Total: **33**.)

h.      This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

i.      Thus, the parties anticipate a final offense level of **31**.

10.     There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

11.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

Rule 11(c)(1)(C) Agreement

12.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence **between 60 months and 96 months of imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

13.     At the time of sentencing, this Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Superseding Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

Waiver of Appeal

14.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

i.     The Defendant reserves the right to appeal the sentence of imprisonment if the total term of imprisonment exceeds 96 months; and

Rev. August 2018

7

ii.      This Office reserves the right to appeal the sentence of imprisonment if the total term of imprisonment is less than 60 months.

c.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Restitution

15.      The Defendant agrees to the entry of a restitution order for the losses of any identified victims depicted in images described in the Statement of Facts. The Defendant agrees that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, 3563(b)(2), and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Forfeiture

16.      The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

17.      Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

a.   ACER Aspire laptop computer, serial number 13400028525, which contains Seagate hard drive, serial number SVEKPKL2; and

b.   32 GB San Disk SDHC Card.

Rev. August 2018

8

18.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

19.     The Defendant agrees to assist fully in the forfeiture of the above property.  The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

20.     The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint.  The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

<u>Abandonment</u>

21.     The Defendant knowingly and voluntarily waives any and all of the Defendant's right, title, and interest in the following items seized from 301 West Preston Street, 14th Floor, Office C, Baltimore, Maryland, and from 24 Lyndale Avenue, Nottingham, Maryland, on May 2, 2019:

      a.  Fantom Drive USB hard drive with serial number 218083;

      b.  DVD with the word "VAI" written on it;

      c.  4GB Sandisk Cruzer USB drive model SDCZ36-004G;

      d.  Western Digital Elements USB hard drive with serial number WX21A65P99KV;

      e.  16GB Sandisk USB flash drive;

      f.  64GB SanDisk Cruzer Glide USB flash drive; and

      g.  32GB Sandisk Cruzer Switch USB flash drive

(collectively, the "Abandoned Property") and consents to its federal administrative disposition, official use, and/or destruction.

Rev. August 2018

9

22.     The Defendant understands that he would have a right to file a claim to the Abandoned Property and waives his right to claim the Abandoned Property. The Defendant agrees not to contest the vesting of title of the Abandoned Property in the United States Government and agrees to unconditionally release and hold harmless the United States Government, its officers, employees, and agents, from any and all claims, demands, damages, causes of actions, suits, of whatever kind and description, and wheresoever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or waiver of ownership interest in the Abandoned Property. The Defendant agrees to execute any documents as necessary to the waiver of right, title and interest in the Abandoned Property, including any forms necessary to effect the Defendant's waiver of ownership interest.

### Defendant's Conduct Prior to Sentencing and Breach

23.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

24.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

25.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. If the Court makes sentencing findings different from those stipulated in this Agreement, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range

the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.


### Entire Agreement

26.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant.  There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement.  No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

Matthew J. Maddox
Assistant United States Attorney


I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

6/2/2021
Date

Stephen Wayne Cormack


I am the Defendant's attorney.  I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant.  The Defendant advises me that the Defendant understands and accepts its terms.  To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

6/2/2021
Date

Andrew I. Alperstein, Esq.


Rev. August 2018

11

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant, Stephen Wayne Cormack, age 72, is a resident of Nottingham, Maryland. Between January 1999 and May 2019, the Defendant was employed with the Maryland Department of General Services and worked at 301 West Preston Street, Baltimore, Maryland.

On January 24, 2019, and January 29, 2019, while located in Maryland, the Defendant knowingly and intentionally received via the Internet and an Internet-connected computer visual depictions of sexually explicit conduct, the production of which involved the use of minors—that is, child pornography.

On May 2, 2019, the Defendant knowingly and intentionally possessed approximately 1,051 images and approximately 125 videos of child pornography in several electronic storage devices stored in his workspace in Baltimore, Maryland and in a vehicle parked at his home in Nottingham, Maryland.   On that date, law enforcement executed search warrants at the Defendant's workspace and at his residence and seized numerous electronic storage devices, optical disks, and other storage media.  A federal search warrant was obtained to examine the seized storage media, and forensic examination revealed images and videos of child sex abuse on several devices, including the following:

- Acer Aspire laptop computer, serial number 13400028525, which contains Seagate hard drive, serial number SVEKPKL2;
- 32 GB San Disk SDHC Card;
- Fantom Drive USB hard drive with serial number 218083;
- DVD with the word "VAI" written on it;
- 4GB Sandisk Cruzer USB drive model SDCZ36-004G; and
- Western Digital Elements USB hard drive with serial number WX21A65P99KV.

For example, the following files of child pornography, among others, were found in the internal hard drive of the Acer laptop computer:

- An image depicting two naked prepubescent minor females with a dog positioned to penetrate one of the children with its penis and the other child observing;
- An image depicting three naked prepubescent minor males with their legs spread, exposing their genitals;
- An image depicting a female toddler bent over with her anus and vagina exposed as the focal point of the image;

Rev. August 2018

1

- A video, over four minutes in length, depicting the genitals of a prepubescent minor male and the hand of an adult male masturbating the child;
- A video, approximately 14 minutes in length, depicting a prepubescent minor male sitting and lying on a bed while an adult male masturbates the child;
- An image of an erect adult penis resting under the buttocks of a toddler with her vagina exposed and the focal point of the image;
- An image of a male toddler with his penis in the mouth of an adult female.

The files of child pornography found on the San Disk SDHC Card included screenshot images of a web browser, described below:

- A screenshot image showing the date and time of January 24, 2019, at 8:48 p.m., containing two images—one image depicting two prepubescent minor females and a prepubescent minor male, with the mouth of one of the female children being penetrated by the penis of the male child, and one image depicting a prepubescent minor female lying on her back and an adult male's penis penetrating the child's vagina;

- A screenshot image showing a the date and time of January 29, 2019, at 2:43 a.m.: An image of a web browser containing a header reading "Young Hardcore Sex Videos" and eight images, including images depicting a prepubescent female being vaginally penetrated by the penis of an adult male, a minor female with her fingers around the penis of a minor male, an adult male orally penetrating a minor female and holding onto her hair, and a prepubescent female sitting with her legs spread, with the focal point of the image being her exposed vagina.

The Defendant knowingly received the above-described images via the Internet.

The Acer laptop computer and San Disk SDHC Card were manufactured in China and traveled to Maryland in interstate and foreign commerce.

During a voluntarily interview with law enforcement at his home on May 2, 2019, after being advised of his Miranda rights, the Defendant stated he possessed a personal Acer laptop computer at his workspace that he did not normally bring home with him.  The Defendant admitted that he viewed child pornography but falsely denied saving any files of child pornography on his computers.

SO STIPULATED:

Matthew J. Maddox
Assistant United States Attorney

Stephen Wayne Cormack
Defendant

Rev. August 2018

2

Andrew I. Alperstein, Esq.
Counsel for Defendant

Rev. August 2018

3